# United States Court of Federal Claims

No. 18-1137 C
November 15, 2018

---

**TIMOTHY MARK STRAIN,**

   *Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

   *Defendant.*

---

*Timothy Mark Stain*, Baton Rouge, LA, *pro se*.

*Michael Duane Austin, Esquire*, United States Department of Justice, Civil Division, Washington, D.C. for defendant.

## ORDER AND OPINION

**Hodges,** Senior Judge.

  Plaintiff Timothy Mark Strain filed a complaint against the United States alleging "misidentification" and seeking damages for slander, libel, wrongful imprisonment, and infringement on his property. Defendant filed a motion to dismiss pursuant to RCFC 12(b)(1) asserting that the pleadings allege insufficient, tort-based, or criminal violations.

  The Supreme Court has ruled that pleadings filed by plaintiffs proceeding *pro se*, "however inartfully pleaded," are held to less rigid standards than those by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). A court should be "receptive to *pro se* plaintiffs and assist them." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Nevertheless, a *pro se* plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The complaint must support allegations with "competent proof" of jurisdiction and cannot rely solely on conclusory allegations. *McNutt*, 298 U.S. at 189. The court must dismiss an action if we determine "at any time that [we] lack subject matter jurisdiction." RCFC 12(h)(3).

  Congress has authorized this court to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an

executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (Tucker Act). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . ." *United States v. Testan*, 424 U.S. 392, 398 (1976).

A plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages separate from the Tucker Act. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). A complaint must allege a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *Testan*, 424 U.S. at 400.

Mr. Strain seeks "damages for an infringement of his property" for a violation of the Fifth Amendment Takings Clause. See U.S. Const. amend. V. (Takings Clause); *see also Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008) (holding that the "Takings Clause is a money-mandating source for purposes of Tucker Act jurisdiction"). However, the claim is unsupported by any facts in the pleadings.

Our court is authorized to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States" under 28 U.S.C. § 1495. A claimant must: (1) prove that his conviction was reversed or set aside; (2) that he did not commit the acts charged; and (3) submit a certificate from the trial court as proof of his pardon. 28 U.S.C. § 2513. Mr. Strain has failed to plead any facts related to his alleged wrongful imprisonment. As for the allegations of slander and libel, these are torts or criminal claims not usually included in this jurisdiction. See 28 U.S.C. § 1491(a)(1); *Sanders v. United States*, 252 F.3d 1329, 1333-34 (Fed. Cir. 2001).

We have reviewed the complaint in a light most deferential to this plaintiff and taken into consideration the Judiciary's obligation to consider the allegations of *pro se* pleadings with wide latitude compared to those drafted by attorneys. Nevertheless, we cannot discern a claim within our jurisdiction. *United States v. Ford Motor Co.*, 497 F.3d 1331, 1336 (Fed. Cir. 2007).

For the reasons stated, we **GRANT** defendant's Motion to Dismiss. The Clerk of Court will **DISMISS** plaintiff's Complaint pursuant to RCFC 12(b)(1). No costs.

**IT IS SO ORDERED.**

Robert H. Hodges, Jr.
Judge